# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 25, 2012 Session

## STATE OF TENNESSEE v. JAMES EDWARD KILBY, III

**Direct Appeal from the Criminal Court for Morgan County**
**No. 2010-CR-81 & 2011-CR-12     E. Eugene Eblen, Judge**

---

**No. E2011-02462-CCA-R3-CD - Filed September 4, 2012**

---

The Defendant, James Edward Kilby, III, pled guilty to felony reckless endangerment and reckless aggravated assault. For the felony reckless endangerment conviction, the trial court imposed a two-year sentence, ordering the Defendant to serve six months of incarceration before release to the community corrections program. For the reckless aggravated assault conviction, the trial court imposed a four-year sentence, ordering the Defendant to serve eleven months and twenty-nine days of incarceration before release to the community corrections program. The trial court ordered that these sentences be served consecutively, for a total effective sentence of six years, to serve eighteen months of incarceration followed by community corrections. In this appeal, the Defendant contends the trial court improperly ordered the Defendant to serve more than one year in split confinement. After a thorough review of the record and relevant authorities, we conclude that the trial court erred when it sentenced the Defendant. As such, we reverse the trial court's judgments and remand the cases for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROGER A. PAGE, JJ., joined.

Kevin C. Angel, Oak Ridge, Tennessee for the Appellant, James Edward Kilby, III.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Russell Johnson, District Attorney General; Frank Harvey, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

In 2010, the Morgan County grand jury indicted the Defendant for the attempted first degree murder of Corey Snow. In 2011, the Morgan County grand jury indicted the Defendant for the attempted first degree murder of Aaron Turner. On October 5, 2011, the Defendant entered guilty pleas in both cases. For the 2010 charge, the Defendant pled guilty to the lesser-included offense of felony reckless endangerment with an agreed two-year sentence, with the trial court to determine the manner of service. For the 2011 charge, the Defendant pled guilty to the lesser-included offense of reckless aggravated assault with an agreed four-year sentence, with the trial court to determine the manner of service.

On November 8, 2011, the trial court ordered the Defendant, for the 2010 case, to serve six months of incarceration, with the remainder of the two-year sentence to be served on community corrections. For the 2011 case, the trial court ordered the Defendant to serve eleven months and twenty-nine days of incarceration, with the remainder of the four-year sentence to be served on community corrections. The trial court then ordered that the 2010 case run consecutively to the 2011 case. It is from these judgments that the Defendant appeals.

**II. Analysis**

On appeal, the Defendant contends, and the State concedes, that the trial court erred when it imposed a split confinement sentence with a total of eighteen months of confinement. The Defendant asks this Court to reduce the total period of confinement to one year. The State asks this Court to remand for a new sentencing hearing. We agree with the State, and remand for a new sentencing hearing.

Tennessee Code Annotated section 40-35-306(a), the statute governing split confinement, prohibits the trial court from sentencing the Defendant to more than one year in jail as a part of a split confinement sentence. That statute reads, "A defendant receiving probation may be required to serve a portion of the sentence in continuous confinement *for up to one (1) year* in the local jail or workhouse, with probation for a period of time up to and including the statutory maximum time for the class of the conviction offense." T.C.A. § 40-35-306(a) (2010) (emphasis added). The consecutive alignment of split confinement sentences resulting in a confinement period of over one year runs afoul of Section 40-35-306(a). *See State v. Matthew I. Tart*, E2009-01315-CCA-R3-CD, 2010 WL 1610515, at *3 (Tenn. Crim. App., at Knoxville, Apr. 21, 2010) *no Tenn. R. App. P. 11 application filed*. Thus, the trial court's judgments ordering the Defendant to serve his two split confinement sentences consecutively, for a total of eighteen months in confinement, are in error.

As the proper remedy to the trial court's erroneous judgments, we remand the cases for a new sentencing hearing. As cited above, this Court addressed the issue in *Matthew Tart*, remanding to the trial court for a new sentencing hearing after determining that the consecutive sentences were in contravention of Tennessee Code Annotated section 40-35-306(a). *Matthew Tart*, 2010 WL 1610515, at *3 (remanding to the trial court for a new sentencing hearing to "determine whether [the trial court] wishes to retain the probation component, thus invoking section 40-35-306's 365-day limitation on split confinement" or whether the trial court wanted to "delete the provisions for probation."). Further, remand is warranted in these cases because the Defendant did not include the sentencing hearing transcript in the appellate record. Because the appellate record does not provide information as to the intent of the trial court's judgments, this Court remands the cases to the trial court for a new sentencing hearing.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the trial court erred when it sentenced the Defendant. As such, we reverse the trial court's judgments and remand these cases for a new sentencing hearing.

_____
ROBERT W. WEDEMEYER, JUDGE